MICHAEL A. FREIMANN, ESQ. (admitted *Pro Hac Vice*)
MARTINE T. WELLS, ESQ. (admitted *Pro Hac Vice*)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: 303.223.1100
Facsimile: 303.223.1111
mfreimann@bhfs.com
mwells@bhfs.com

TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
tchance@bhfs.com

*Attorneys for Defendant Wynn Las Vegas, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN JAFFEE and DEREK KRITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WYNN LAS VEGAS, LLC a Nevada domestic limited-liability company, EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendant. | CASE NO.: 2:19-cv-00644-APG-NJK<br><br>**RENEWED STIPULATION AND ORDER FOR STAY OF DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS** |

Plaintiffs SHAWN JAFFEE AND DEREK KRITZ ("Plaintiffs"), by and through their undersigned counsel of record, Christian J. Gabroy, Esq. and Kaine M. Messer, Esq., of the Gabroy Law Offices and Jon R. Mower, Esq., of the law firm of Theodora Ohringer, P.C., and Defendant WYNN LAS VEGAS, LLC ("Defendant"), by and through its undersigned counsel of record Michael A. Freimann, Esq., Martine T. Wells, Esq., and Travis F. Chance, Esq., of the law firm of Brownstein Hyatt Farber Schreck, LLP (collectively, the "Parties"), hereby stipulate and

19327494.1                                           1

agree as follows:

WHEREAS, on May 22, 2019, Defendant filed its Motion to Dismiss Plaintiffs' Complaint ("Motion") (ECF No. 21);

WHEREAS, the foregoing Motion is pending before this Court, decision on which the Parties do not request a stay or delay;

WHEREAS, until decision on the Motion, the Parties mutually desire to conserve Court resources as well as their own and have agreed to stay discovery until the Motion is decided;

WHEREAS, on May 29, 2019, the Parties submitted a Stipulation and Order for Stay of Discovery Pending Resolution of Defendant's Motion to Dismiss (ECF No. 23);

WHEREAS, this Court denied that Stipulation without prejudice on May 30, 2019 (ECF No. 24) due to the failure to address the factors required by case law in this district when determining whether a stay of discovery pending decision on a responsive motion is appropriate (ECF No. 24); and

WHEREAS, the Parties desire to address those factors for the Court,

NOW, therefore, the Parties hereby stipulate and agree that discovery in this matter be stayed, including the requirements of LR 26-1(b) and FRCP 26(a)(1), pending resolution of the Defendant's Motion, based upon the following briefing:

1. Requests to stay all discovery may be granted in this District when: (1) a pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

2. Plaintiffs have set forth three causes of action in their Complaint: (1) violations of the Fair Labor Standards Act; (2) unjust enrichment; and (3) conversion. (ECF No. 1-2, at ¶¶ 65-95). These claims are based upon the allegation that Plaintiffs were forced to participate in a mandatory tip pool that included employees that were not customarily and ordinarily tipped. (*Id.*, at ¶¶ 30, 32).

3. With respect to the first factor, Defendant filed its Motion on May 22, 2019 (ECF

No. 21). That Motion seeks dismissal of all three causes of action, in full and with prejudice. (ECF No. 21, at 13:9-11, 14:26-27, 15:22-24, 16:7-9, 20:1-7, 20:9-19). Thus, the pending Motion is potentially dispositive of all of Plaintiffs' claims, satisfying the first *Kor Media* factor.

4. With respect to the second factor, Defendant's Motion can be decided without any discovery at all. The Motion first argues that Plaintiffs' FLSA claim is barred as a matter of federal law because of Congress' 2018 amendment to 29 U.S.C. § 203(m). (ECF No. 21, at 11-13). Specifically, the Motion asserts that Congress declared that a handful of 2011 Department of Labor ("DOL") regulations upon which Plaintiffs' FLSA claim relies were to have no further force or effect. (*Id.*, at 12:9-13:8). Resolution of this issue requires reference to nothing more than federal statutes and regulations (and potentially other instructive legislative materials), which requires no discovery whatsoever. Thus, the second *Kor Media* factor is satisfied.

5. The second factor is also satisfied by the Motion's alternative basis for dismissal for lack of subject matter jurisdiction. The Motion contends the Court lacks subject matter jurisdiction because the Plaintiffs have failed to exhaust the remedies provided for by the Collective Bargaining Agreement ("CBA") that governed their employment relationship with Defendant during their employment. (*Id.*, at 15-20). The Motion argues that each of Plaintiffs' claims requires interpretation of the rights granted to both Parties under the CBA. (*Id.*, at 18:12-13). While it is true that the Court may review documents outside the pleadings when determining subject matter jurisdiction, *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), it is undisputed that the CBA governed Plaintiffs' positions when working for Defendant, given the admissions in Plaintiffs' Complaint. (*See* ECF No. 21, at 7-8, ¶¶ 28-33.) Thus, the second *Kor Media* factor is further satisfied with respect to this alternative argument as well, as no discovery is necessary for the Court to rule upon it.

6. With respect to the third factor, a "'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [FRCP] 1. With [FRCP] 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

7. Defendant's primary argument in its Motion is that Plaintiffs' FLSA claim is barred as a matter of federal law. Specifically, the Motion contends that the 2018 Congressional amendments to 29 U.S.C. § 203(m) prohibit this Court from proceeding upon Plaintiffs' FLSA claim in any respect. (ECF No. 21, at 11-13). Defendant contends this is because Congress declared that the DOL's 2011 regulatory amendments, upon which Plaintiffs' FLSA claim relies, were to have no further force and effect. According to the Motion, permitting a claim based upon those regulations to be litigated or rendering a judgment on such a claim would provide a further force and effect to them. (*Id.*, at 12:21-13:8). Defendant contends that this would run afoul of Congress' plain intent in amending 29 U.S.C. § 203(m). As a result, the Motion argues that Plaintiffs' FLSA claim must be dismissed. In addition, the Motion argues that Plaintiffs' two state law causes of action are contingent upon a finding of a violation of the FLSA. (*Id.*, at 15:6-24). Defendant contends that without a legally cognizable FLSA claim for the reasons given above, those causes of action must also fail and are subject to dismissal. Given the extensive legislative history noted above, it is clearly more just to delay the start of discovery here to accomplish the inexpensive determination of this case, satisfying the third *Kor Media* factor. *Tradebay*, *supra*.

8. The Parties agree that nothing herein shall be construed as Plaintiffs' admission as to the merits of Defendant's Motion.

IT IS SO STIPULATED this 3rd day of June, 2019.

| /s/Kaine M. Messer | /s/Travis F. Chance |
|---|---|
| CHRISTIAN J. GABROY, ESQ.<br>KAINE M. MESSER, ESQ. | MICHAEL A. FREIMANN, ESQ.<br>(admitted *Pro Hac Vice*)<br>MARTINE T. WELLS, ESQ. |
| JON R. MOWER, ESQ.<br>THEODORA ORINGHER PC | (admitted *Pro Hac Vice*)<br>TRAVIS F. CHANCE, ESQ. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Wynn Las Vegas, LLC* |

THE COURT, having reviewed the foregoing Stipulation, and good cause appearing, finds that:

1. The Motion, if granted, is dispositive of all of Plaintiffs' claims;

2. The Motion can be decided without any additional discovery; and

3. The Court's preliminary peek at the Motion convinces the Court that it would be more just to delay or limit discovery and other proceedings herein to accomplish the inexpensive potential determination of the case, while the Motion is pending, rather than require the Parties to engage in discovery. Therefore,

IT IS HEREBY ORDERED THAT discovery, including the requirements of LR 26-1(b) and FRCP 26(a)(1), in this matter be STAYED pending resolution of the Defendant's Motion. Should the Motion be denied, the Parties shall proceed with their requirements under FRCP 26(a)(1) and LR 26-1(b) and file a proposed discovery plan and scheduling order within 14 days of entry of the Court's order resolving Defendant's Motion.

IT IS FURTHER ORDERED THAT nothing herein shall be construed as an admission by Plaintiffs as to the substantive merits of Defendant's Motion.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:  June 4, 2019