Christian Gabroy (#8805)
Kaine Messer (#14240)
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012
Tel:    (702) 259-7777
Fax:    (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

Jon R. Mower, Esq.
Admitted *Pro Hac Vice*
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, CA 92626-7109
Tel:    (714) 549-6200
Fax:    (714) 549-6201
jmower@tocounsel.com

*Attorneys for Plaintiffs Shawn Jaffee and Derek Kritz*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN JAFFEE and DEREK KRITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, a Nevada domestic limited-liability company, EMPLOYEE(S)/AGENT(S) DOES 1-10; and ROE CORPORATIONS 11-20, inclusive;<br><br>Defendant. | Case No: 2:19-cv-00644-APG-NJK<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

## STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES

The parties, by and through their respective counsel of record and in compliance with FRCP 16 and LR 26-3, hereby stipulate and request that the deadline to complete discovery, and all corresponding deadlines in the Court's Scheduling Order (ECF No. 49), be extended by ninety (90) days.

21775289.1

**A.   DISCOVERY COMPLETED:**

Both parties have exchanged their initial disclosures required under Fed. R. Civ. P. 26(a)(1)(A).

**B.   STATEMENT SPECIFYING THE DISCOVERY THAT REMAINS TO BE COMPLETED**

Should the parties not achieve resolution as more fully explained below, Plaintiff anticipates taking the deposition of Defendant Wynn Las Vegas, LLC ("Defendant") pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff also anticipates taking the depositions of individuals with knowledge of the facts and circumstances surrounding the allegations in the Complaint. Defendant anticipates taking the deposition of Plaintiffs and other collective members. Further, both parties anticipate serving written discovery.

**C.   THE REASONS WHY DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS SET BY THE DISCOVERY PLAN**

Per FRCP 16(B)(4), a discovery scheduling order "may be modified only for good cause and with the judge's consent." Good cause exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

As this very Court has correctly noted in this matter, "[c]ounsel should strive to be cooperative, practical and sensible." ECF No. 50, p. 1.

To that end, the parties have had extensive discussions concerning potential early resolution given the limited damages period in this matter. Indeed, the Court's February 11, 2020 Order granted in part Defendant's motion for judgment on the pleadings (ECF No. 37), resulting in a damages period commencing on March 23, 2018 as recognized by this Court. *See* ECF No. 49, p. 4, lines 16-23.

Defendant later filed its Answer (ECF No. 45) on April 24, 2020, and this Court approved the proposed scheduling order on May 13, 2020 (ECF No. 49).

21775289.1

1  Specifically, in the spirit of cooperation, practicality, and sensibility, the parties agreed that rather than engaging in potentially unnecessary and costly motion and trial practice, instead Defendant will produce putative related data (the "Data") so that Plaintiffs may independently analyze such Data to compile an appropriate damages analysis. Once such analysis has been done, the parties have agreed to engage in good faith settlement efforts.

Of course, the ongoing pandemic has drastically slowed this process. Specifically, Defendant's business (along with other hotels and casinos) was shut down per order of the Governor for a majority of the prior 6 months. This has resulted in the necessary personnel required to compile the Data often unavailable or without access to the voluminous information, causing understandable delay in the process. In addition, despite the recent reopening of Defendant's casino and hotel, due to the unanticipated and unprecedented closure orders, Defendant and its counsel has had to prioritize other urgent matters.

Further, given the sensitive nature of such Data, the parties have been diligently working on and have stipulated to a protective order (ECF No. 53). Just this week on October 19, 2020, this Court granted such order (ECF No. 56).

Defendant is in the process of diligently collecting the agreed upon Data. The parties now anticipate the Data necessary for settlement efforts will be in a producible format shortly.

However, given the timeline as discussed above and as Defendant has not yet been able to produce the Data, the parties recognize that the ensuing proper expert designation is unable to be completed by the impending November 13, 2020 expert disclosure deadline (ECF No. 49, p. 4, lines 9-10). Accordingly, the parties request the extension described herein.

21775289.1

1  Given this specific factual showing –particularly Defendant not having been able
2 to produce the necessary Data despite diligent effort—, the parties believe good cause
3 readily exists for this Honorable Court to grant this requested extension.

4  Further, this joint request is timely made more than 21 days before the expiration
5 of the subject deadline in compliance with LR 23-6.

6  This request is not sought for any improper purpose or other reason of delay. No
7 party is prejudiced by the requested extension.

**D.  PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY:**

### 1.  Discovery Cut-Off

The discovery cut-off shall be extended from February 11, 2021 to **Wednesday, May 12, 2021**.

### 2.  Adding Parties

The deadline to add parties shall be extended from November 13, 2020 to **Thursday, February 11, 2021.**

### 3.  Expert Disclosure

The deadline to name initial experts shall be extended from November 13, 2020 to **Thursday, February 11, 2021**.

### 4.  Dispositive Motions

The last day for filing dispositive motions including, but not limited to motions for summary judgment, shall be extended from March 12, 2021 to **Thursday, June 10, 2021**.

### 5.  Pre-Trial Order

In accordance with Local Rule 26-1(b)(5), the last day to file a Joint Pre-Trial Order, including any disclosures pursuant to FRCP 26(a)(3), shall be extended from April 9, 2021 to **Thursday, July 8, 2021**. In the event dispositive motions are filed, the date for filing the Joint Pre-Trial Order shall be suspended until thirty (30) days after the

21775289.1

decision on the dispositive motions or upon further order by the Court extending the time period in which to file the Joint Pre-Trial Order.

### 6. Fed. R. Civ. P. 26(a)(3) Disclosures

If no dispositive motions are filed, and unless otherwise ordered by this Court, the parties shall file the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto with the Pretrial Order pursuant to LR 26-1(e)(6) in the Joint Pretrial Order, not more than thirty (30) days after the date set for filing dispositive motions and, therefore, not later than **Thursday, July 8, 2021** (extended from April 9, 2021).

### 7. Interim Status Report

The parties previously submitted their interim status report (ECF No. 14) on May 13, 2019. No such request to file a second status report is requested.

### 8. Trial and Calendar Call

No trial has been set in this matter.

| | |
|---|---|
| Dated this 23rd Day of October 2020 | Dated this 23rd Day of October 2020 |
| BROWNSTEIN HYATT FARBER SCHRECK, LLP | GABROY LAW OFFICES |
| By:_/s/ Travis Chance_____<br>Martine Wells (Admitted *Pro Hac Vice*)<br>Travis Chance (#13800) | By: _/s/ Christian Gabroy _____<br>Christian Gabroy (#8805)<br>Kaine Messer (#14240) |
| *Attorneys for Defendant* | Jon Mower (Admitted *Pro Hac Vice*)<br><br>*Attorneys for Plaintiff* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _ October 26, 2020   _____

21775289.1